OPINION
Defendant-appellant, Steven Robar, appeals from the judgment of the Franklin County Court of Common Pleas in which the court sentenced him to serve a definite term of five years incarceration at the Ohio Department of Rehabilitation and Correction on his conviction for gross sexual imposition, in violation of R.C. 2907.05, a felony of the third degree. Following a hearing, the trial court also classified appellant as a sexual predator. The maximum definite prison term a court can impose under R.C. 2929.14(A)(3) for a third degree felony is five years.
The trial court journalized its judgment on November 27, 2001. Having timely appealed from that judgment, appellant presents a single assignment of error for this court's consideration, as follows:
"THE COURT ERRED IN SENTENCING THE DEFENDANT TO THE MAXIMUM OF FIVE YEARS."
Appellant argues that the trial court failed to make findings on the record that would support imposing a maximum sentence upon him as a first-time felony offender. Appellant cites State v. Edmonson (1999),86 Ohio St.3d 324, 325, in support of his assertion that Ohio law favors a minimum sentence for an offender's first imprisonment, while a maximum sentence is generally disfavored. Appellant does not challenge the sexual predator classification, but asks this court to vacate the sentence by the trial court and to impose a lesser sentence.
In response to the assignment of error, plaintiff-appellee, state of Ohio, concedes that the trial court failed to make the requisite factual findings on the record pursuant to R.C. 2929.14(B) and (C), but argues that the record in this case otherwise supports the imposition of the maximum sentence. Appellee asks this court to remand the matter to the trial court so that it may make the necessary findings.
The record reflects that appellant was charged in a 12-count indictment with two counts of rape; six counts of gross sexual imposition; two counts of sexual battery; and two counts of disseminating matter harmful to juveniles. Counts one through ten alleged that appellant either engaged in sexual conduct with his stepdaughter, had sexual contact with her, or caused her to have sexual contact with him, when she was between six and 12 years of age. The 11th and 12th counts alleged that appellant showed his stepdaughter sexually explicit materials when she was 12 years old and that he showed like materials to one of his stepdaughter's friends, another 12-year-old girl.
On the scheduled date of trial, October 9, 2001, appellant entered a guilty plea to count eight, gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree. All of the remaining counts of the indictment were dismissed at the request of the prosecution as part of a plea agreement with appellant. The count to which appellant entered his guilty plea alleged that appellant caused his stepdaughter to have sexual contact with him after she turned ten years of age, but prior to her 13th birthday. The trial court accepted the guilty plea, ordered a presentence investigation report ("PSI") and rescheduled the case for sentencing on November 26, 2001.
At the sentencing hearing, defense counsel characterized his client's guilty plea as having been in the nature of an, North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 60, Alford plea,[1] then represented to the court that appellant's only prior record was a "drunk driving a number of years ago * * * and he's basically a working citizen * * * working full time and always has." (Tr. 2.)
Before it pronounced sentence, the court received a written statement from the stepdaughter. The statement was not read into the record, consistent with the victim's request. Referred to as a "four-page letter," the statement does not otherwise appear in the record, although the PSI report does include summaries of victim impact statements by the girl and her mother. (Tr. 3.)
Thereafter, the trial court stated:
"Court makes the following finding. The injury to the victim is worsened because of the physical, mental condition or age of the victim. Victim suffered serious physical, psychological or economic harm. The offender held a position of trust and this offense was related to that position of trust. Offense was facilitated by the offender's relationship with the victim, making the offense more serious.
"He does have a prior adjudication of delinquency or history of criminal conviction. He's failed to respond favorably in the past to probation or parole. He has expressed no genuine remorse, making recidivism more likely. On felonies of the third degree, there is no presumption.
"Court finds that the weight is more serious, recidivism is likely, and that prison is consistent with the purposes and principles of [R.C.]2929.13(C).
"Court also finds that it is a sex offense, and that he has previously served a prison term." (Tr. 3-4.)
Defense counsel advised the court that reference to a prior prison term was not correct and that, on at least one occasion, appellant's brother had used his identity, a fact supported in the PSI report, which shows appellant's only confirmed record to be an OMVI conviction[2] and three traffic tickets. The court referred to the report and continued, as follows:
"Okay, but they have checked on their — okay, let me see here. All right, the Court will vacate that finding. Okay. The crime, though, is a sex offense, and weighing the seriousness and recidivism factors, a prison term is consistent with the purposes and principles of [R.C.] 2929.13. Offender is not amenable to community control sanctions.
"* * *
"The Court sentences him to five years at the Ohio Department of Rehabilitation and Corrections. He has three days of jail time credit." (Tr. 5.)
The balance of the hearing dealt with the sexual predator classification, a judgment not before this court for review.
The purposes of Ohio's sentencing system are to protect the public from future crime by the offender and others, as well as to punish the convicted offender. R.C. 2929.11(A). Where, as in this case, the offender is convicted of a single offense the trial court has broad discretion within statutory limits, unless a mandatory sentence is required, to determine the most effective manner in which to comply with those purposes, taking into consideration the seriousness of the offender's conduct, the likelihood of recidivism and any other relevant factors. State v. Good (Dec. 5, 2000), Franklin App. No. 00AP-409. Nine specific factors to be considered in relation to the comparative seriousness of the offense are listed in R.C. 2929.12(B). State v. Holsinger (Oct. 10, 2000), Franklin App. No. 00AP-216. Similarly, five recidivism factors are specified for consideration in R.C. 2929.12(D). Id. R.C. 2929.13(C) requires the trial court "in determining whether to impose a prison term as a sanction for a felony of the third degree," to "comply with the purposes and principles of sentencing under section2929.11 of the Revised Code and with section 2929.12 of the Revised Code."
R.C. 2953.08(F) directs this court, as we review the sentence in this case, to consider the entire record. State v. Jones, Franklin App. No. 01AP-1183, 2002-Ohio-3725, at ¶ 19; including the trial court's judgment entry, the transcript of the sentencing hearing, the court's sentencing worksheet and the PSI report. See State v. Johnson (Jan. 30, 2001), Franklin App. No. 00AP-428, and State v. Beauford (Apr. 25, 2002), Franklin App. No. 01AP-1166.
The Ohio Supreme Court in Edmonson provided clear guidelines for a sentencing court to follow in order to comply with the legislative directives included in Ohio's felony sentencing scheme. The court construed R.C. 2929.14(B) to mean that unless the trial court decides to impose the shortest term authorized upon a felony offender who has never served a prison term, the record of the sentencing hearing must reflect the court's express finding that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. Either or both of these reasons for exceeding the minimum term will support imposition of a longer sentence. Edmonson, at 326. The Supreme Court deduced that R.C.2929.14(B) does not require the sentencing court to explain its finding that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others; but it did conclude that the record must reflect that the trial court first considered imposing the minimum term, then relied upon one or both of those express findings to depart from that statutorily mandated minimum. Id. at 328.
Regarding imposition of a maximum sentence, R.C. 2929.14(C) provides:
"* * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *."
"* * * R.C. 2929.19(B)(2)(d), sets the procedure that a trial court must follow when imposing the maximum sentence on an offender for a single offense * * * [and] requires a trial court to `make a finding that gives its reasons for selecting the sentence imposed' if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its `reasons for imposing the maximum prison term.' (Emphasis added.)" See Edmonson at 328.
The reasons for imposing a maximum sentence, like those supporting the imposition of consecutive sentences, should be stated on the record, in open court and in the presence of the offender. State v. Sexton, Franklin App. No. 01AP-398, 2002-Ohio-3617, at ¶ 65, citing State v. Moore, Cuyahoga App. No. 79353, 2002-Ohio-2133, at ¶ 60.
In this case the trial court made a summary recitation on the record during the sentencing hearing of factors identified in R.C. 2929.12(B) and (D) that it deemed applicable. These statements, in basic statutory language, reflect the notations the court made on the sentencing worksheet it utilized in imposing the sentence.
The trial court's judgment entry simply states:
"The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term is not mandatory pursuant to R.C. 2929.13(F).
"* * *
"After imposing sentence the Court gave its finding and stated its reasons for the sentence as required by R.C. 2929.19(B)(2)(a)(b) and (c)(d) and (e)." (Emphasis sic.)
The entry itself does not articulate either the findings required by R.C. 2929.14(B) for imposition of greater than the minimum sentence or the findings and underlying reasons required by R.C. 2929.14(C) for imposing the maximum sentence. While the entry suffices for purposes of journalizing the court's judgment, it does not, as worded, constitute compliance with the Edmonson decision. See Good, supra, at 4; quoting State v. Abbington (Aug. 8, 2000), Franklin App. No. 99AP-1337. ("The trial court's findings and reasonings need not be specified in the sentencing entry so long as they are discernible from the record as a whole.")
As indicia, under R.C. 2929.12(B), that appellant's conduct was "more serious" than conduct normally constituting a gross sexual imposition offense, the trial court noted that the victim suffered serious psychological harm that was exacerbated by her young age when the offense occurred. The trial court mentioned, as well, that appellant held a position of trust in relation to the victim and that his relationship with her facilitated the offense. The court's opinion that appellant was convicted of a serious offense, committed under troubling circumstances against a child of tender age with respect to whom he had a relationship of trust and responsibility, rings clear from these findings.
We do not disagree with the trial court's assessment that appellant pleaded guilty to a serious offense. We also note that the Ohio General Assembly has classified a violation of R.C. 2907.05(A)(4) as a felony of the third degree, while violations of R.C. 2907.05(A)(1), (3) and (5) are felonies of a lesser degree. Similarly, a violation of R.C. 2907.05(A)(2) is a fourth degree felony unless the offender surreptitiously administers a specified controlled substance to impair the victim's judgment or control; or unless the offender uses force, threat of force or deception to the same end. In those instances a violation of division R.C.2907.05(A)(2) is a third degree felony.
Absent from the trial court's findings, however, is any expression that the shortest prison term will demean the seriousness of the appellant's conduct or will not adequately protect the public from future crime by appellant or others. Because appellant has not previously served a prison term, as evidenced by the PSI and by the trial court's vacating its initial finding in that respect, the record must reflect that the court first considered imposing the minimum term, then relied upon one or both of those express findings to depart from the statutory minimum mandated by R.C. 2929.14(B), and the Edmonson decision.
Similarly absent from the trial court's recitation are findings, necessary pursuant to R.C. 2929.14(C) as prerequisites to a court's imposing a maximum sentence, that appellant committed the worst form of gross sexual imposition. As we observed in State v. Shelton (Mar. 19, 2002), Franklin App. No. 01AP-860, where the trial court's statement while pronouncing the maximum sentence was not unlike that in this case, "the trial court's language * * * comes closer to stating reasons rather than the required statutory finding." Id. The statement does not constitute a required finding under Edmonson and R.C. 2929.14(C). Further, the statement does not adequately explain the trial court's reasons for arriving at the conclusion that appellant committed the worst form of gross sexual imposition, if it did reach that conclusion. Edmonson requires a statement of reasons that support the imposition of a maximum sentence.
The record in this case likewise fails to reflect a finding by the trial court that appellant poses the greatest likelihood of committing future crimes. Such a finding supports the imposition of a maximum sentence under Edmonson and R.C. 2929.14(C), if it is supported in turn by an explanation of the reasons for imposing such a sentence in accordance with R.C. 2929.19(B)(2)(d). Among those factors set forth in R.C. 2929.12(D) indicating that an offender is likely to commit future crimes, the trial court identified that appellant expressed no genuine remorse in relation to the offense. Under the circumstances of this case, we accept the trial court's conclusion that appellant's not having expressed genuine remorse is a factor "making recidivism more likely." Additionally, as the trial court suggested, the nature of the offense to which appellant entered his guilty plea may also be viewed as a recidivism factor under the provision in R.C. 2929.12(D) allowing consideration of "any other relevant factors."
However, the trial court stated on the record that appellant has a prior adjudication of delinquency or history of criminal convictions and that he failed to respond favorably in the past to probation or parole. The record does not support the trial court's finding that these factors render recidivism more likely. The PSI report indicates the OMVI, referred to above and occurring more than 12 years prior to appellant's guilty plea in this case, is the only confirmed record of any criminal conviction. The report likewise indicates no prior adjudication of delinquency. The three minor traffic offenses on which appellant paid fines and/or costs, according to the PSI, are not indicators of a "history of criminal convictions" under R.C. 2929.12(D)(2). We find nothing in the entire record to show that appellant has ever been subject to probation or parole. The record does not support a conclusion that he has not responded "favorably to sanctions previously imposed for criminal convictions" under R.C. 2929.12(D)(3). This evidence tends to be equally probative of a factor indicating appellant is less likely to commit future crimes, that is, that he "led a law-abiding life for a significant number of years." R.C. 2929.12(E)(4). And, the record does not contain a finding by the court that appellant poses the "greatest likelihood" of recidivism, nor does it include a sufficient explanation of the trial court's reasons for imposing the maximum sentence on that basis.
Appellant asks us to vacate and modify the sentence imposed; however, as a reviewing court, we will not set aside a sentence if there is no clear showing that the trial court abused its discretion. Johnson, supra, Franklin App. No. 00AP-428. Before setting aside or modifying a trial court's sentence, an appellate court must find clear and convincing evidence that the entire record fails to support the sentence imposed, or that the sentence is otherwise contrary to law. Holsinger, supra, and State v. Thatcher (Dec. 27, 2000), Franklin App. No. 01AP-569. Because the sentence is within the permitted statutory range, and because of the factors mentioned by the trial court in relation to the seriousness of the offense, there has not been a clear and convincing showing that we should exercise our authority to reduce or modify the sentence pursuant to R.C. 2953.08(G)(2).
Instead, we sustain appellant's assignment of error and remand this case for resentencing. In doing so, we direct the trial court to first consider imposing the minimum sentence for a felony of the third degree. In the event that the trial court should find that the minimum term of incarceration will demean the seriousness of the offender's conduct, or will not adequately protect the public from future crime by the offender or others, it must state the finding on the record in order to exceed the minimum. Next the court must reconsider the seriousness and recidivism factors set forth in R.C. 2929.12 in a manner consistent with this opinion and resentence appellant accordingly within the statutory range provided in R.C. 2929.14(A)(3). The trial court should impose a maximum sentence only if it finds that appellant committed the worst form of the offense, it articulates on the record its factual basis for reaching that conclusion and, consistent with the requirements of R.C. 2929.19(B), states its reasons for imposing the maximum sentence.
We must emphasize once again that, "the statutes relating to sentencing must be followed. The Edmonson case makes it clear that the Ohio Supreme Court expects compliance with the sentencing statutes. The danger of not requiring statutory compliance encourages gross inconsistencies in sentencing and a disregard for statutory mandates." State v. Gibbs (Nov. 26, 2001), Franklin App. No. 01AP-578 (Deshler, J., dissenting).
As appellee concedes, the requisite findings do not appear in the record of this case and, therefore, we sustain appellant's assignment of error. We reverse the judgment of the trial court and remand this case to the Franklin County Court of Common Pleas for resentencing consistent with this opinion.
Judgment reversed and cause remanded for resentencing.
BROWN and KLATT, JJ., concur.
[1] (a) Although it is unclear from the record before this court whether or not appellant's guilty plea was denominated as such at the time entered:
(b) "* * * [I]t is apparent from the record that appellant entered what is known as an Alford plea. In North Carolina v. Alford (1970),400 U.S. 25, * * * the United States Supreme Court held that an accused may deny participation in the acts constituting the crime alleged yet enter a plea of guilty to the crime charged. One may enter a plea in such circumstances because he calculates that his interest is better served thereby than by going to trial." State v. Johnson (June 26, 2001), Franklin App. No. 00AP-1115.
[2] Franklin County Municipal Court case No. 89-102998, March 3, 1989, Disposition — three days Franklin County Corrections Center.